[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
This case arises out of the death of the plaintiff's decedent who was electrocuted while working on a roofing project in Clinton, Connecticut. The complaint alleges that the decedent, Robert L. Giannotti, Jr. was killed when a ladder which he was attempting to move touched live electrical wires.
Among those named as defendants in this action is Robert Mangino who has moved for summary judgment on the four counts of the complaint directed against him, those being counts 21, 22, 23 and 24. Counts 21 and 22 allege that Mr. Mangino was negligent in his capacity as the architect on the project. Counts 23 and 24 allege that Mr. Mangino was negligent and that he was acting as the general contractor on the job. There is no dispute that Mr. Mangino is an architect licensed in Connecticut pursuant to Chapter 39 of the Conn. General Statutes. There is also no dispute the principle employer of Robert L. Giannotti, Jr., Frank Bailey d/b/a F.W. Bailey Company, has become liable to pay worker's compensation benefits as a result of his death.
The basis of the motion for summary judgment is § 33-293 (c) of the Conn. General Statutes which provides:
". . . no construction design professional who was retained to perform professional services on a construction project . . . shall be liable for any injury on the construction project for which compensation is payable under the provisions of this chapter, unless responsibility for safety practices is specifically assumed by contract."
The plaintiff does not claim that there existed a contract in which Mangino assumed responsibility for safety practices. Indeed, the plaintiff concedes that § 33-293 (c) applies to counts 21 and 22 of CT Page 3126 the complaint and is not opposing this motion for summary judgment as to those counts.
As to counts 23 and 24, however, the plaintiff claims that 33-293 (c) does not apply as those counts allege that Mangino was acting not as an architect but rather as the general contractor on this project.
In support of his motion, Mangino has filed his affidavit in which he states that he was hired as an architect on this project by Mr. Robert McNamara and prepared bid documents and specifications for the replacement of the roof. His affidavit states that McNamara was going to coordinate the work on the project and that he, Mangino, should only make site visits when requested and that he made no site visits while work was being done on the roof.
In his affidavit, Mangino states that he did not hire sub contractors or perform any supervisory functions on the project.
The defendant Mangino has also attached portions of the deposition testimony of McNamara. In that transcript McNamara states that he does not believe that Mangino had any obligation under their agreement to visit the work site to determine how the work was going, unless there was a specific problem and he was called to the site by McNamara or one of the contractors.
The party seeking summary judgment has the burden of demonstrating the nonexistence of any material fact and "a party opposing a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. "Home Ins. Co. v. Aetna Life Casualty, 235 Conn. 185, 202 (1995). A party's conclusory statements "in the affidavit and elsewhere" may not" constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 583 (1996).
The plaintiff has submitted a partial transcript of the deposition of Mangino in which he describes his impression of a general contractor as one who would "hire and oversee subcontractors and their contractual work on a project, general supervision of these subcontractors, purchasing of materials, from the beginning to the completion of the project." In addition he described a general contractor as; "coordination and meeting with, in general, either with the architect, the owner, building inspectors, scheduling inspections, dealing with anything within the field administration-wise, permit-wise, etc."
In support of his claim that there exists an issue of material fact as CT Page 3127 to whether Mangino was acting as a general contractor rather than an architect, he submits a portion of the testimony of McNamara at a hearing before the worker's compensation commissioner. The plaintiff, at oral argument, relied primarily on the following question and answer:
 Q. And who was it that determined that the Clinton Street property, whether the building contractor — whether the roofing contractor, for example, did a satisfactory job?
A. Mr. Mangino.
In that same transcript however McNamara stated that he didn't hire anyone to oversee the project and that he considered the roofing contractor to be the contractor.
Thus the issue becomes whether the plaintiff's admission as set forth above creates an issue of material fact so as to preclude the granting of summary judgment.
 § 20-288 (3) defines "the practice of architecture" as:
 "Rendering or offering to render service by consultation, investigation, evaluations, preliminary studies, plans, specifications and coordination of structural factors concerning the aesthetic or structural design and contract administration of building construction or any other service in connection with the designing or contract administration of the building construction . . . regardless of whether any person performing such duties is performing one or all of such duties . . .
The relevant inquiry is not whether the defendant Mangino may have performed some function that a general contractor might also perform, but whether Mangino performed some function that was not only within the scope of the duties of a general contractor, but also outside of the responsibilities or function of an architect as defined by § 20-288
(3). So long as Mangino was practicing architecture within the meaning of § 20-288 (3) he would be protected by the immunity afforded him by § 33-293 (c) of the Connecticut General Statutes.
The documents filed in support of this motion establish that Mangino prepared bid documents and specifications for the project. He did not hire any subcontractors. According to McNamara he would visit the site on CT Page 3128 occasion in response to a specific problem concerning the plans or specification. Mangino in his affidavit states that he made no site visits when work was being done on the roof and he performed no supervisory functions.
Clearly all of the above activity would come within the scope of §20-288 (3). Does the testimony of McNamara at the worker's compensation hearing that Mangino determined that the roofing contractor did a satisfactory job remove Mangino from the scope of § 20-288 (3). In the court's opinion it does not. Given the breadth of § 20-288 (3) it would appear that under the circumstances of this case, even if Mangino was to make sure that the roofing contractors did a satisfactory job, within the job specifications, that would not make him a "general contractor" on the job rather than the architect. Therefore, it is the opinion of the court that there is no issue of material fact and Mangino is entitled to the immunity afforded architects pursuant to § 33-293 (c) of the Connecticut General Statutes.
The motion for summary judgment and the defendant Robert Mangino is therefore granted.
Thompson, J.